IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

**MARIA WILSON**  **PLAINTIFF**

VS.  CAUSE NO.  5:22-cv-62-DCB-LGI

**KEMPER CORPORATE SERVICES, INC.,
UNION NATIONAL FIRE INSURANCE COMPANY,
ROBIN WILSON, ANGELA WASHINGTON,
JOHN DOE ENTITIES 1-5 AND JOHN DOES PERSONS 1-5.**  **DEFENDANTS**

<u>**NOTICE OF REMOVAL**</u>

Union National Fire Insurance Company ("UNFIC"), by and through undersigned counsel and subject to and without waiving the right to assert its right to: (1) compel arbitration of Plaintiff's claims and to stay this litigation pending arbitration or (2) any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, gives notice of the removal of this action from the Circuit Court of Claiborne County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division. As grounds in support of this removal, UNFIC states as follows:

**INTRODUCTION**

1. Plaintiff's claims arise from her dispute regarding her UNFIC policy's coverage. On August 27, 2018, UNFIC issued an insurance policy to Plaintiff identified as Policy Number 7537315868 (the "Policy") that provided for the payment of benefits in the event of loss to the Plaintiff's personal property at the residence located at 2170A Tillman Chapel Road, Pattison, Mississippi 39144 ("Subject Property").

2. On or about April 1, 2019, a fire occurred at the Subject Property. Plaintiff subsequently filed a claim for the damage to her personal property that was damaged in the Subject Property. After UNFIC investigated Plaintiff's claim, however, it determined that Plaintiff did not live in the

1

Subject Property. In fact, the investigation revealed that the Plaintiff lived in a travel trailer near the Subject Property. Because the Policy requires Plaintiff to live in the Subject Property, UNFIC denied Plaintiff's claim.

3. On or about April 4, 2022, Plaintiff commenced this action against the Defendants in the Circuit Court of Claiborne County. The Complaint alleged the following claims: (1) breach of contract, (2) tortious breach of contract, (3) breach of duty of good faith and fair dealing, (4) negligence of Robin Wilson, (5) negligence of Angela Washington, (6) negligence and gross negligence of Union National Fire Insurance Company and Kemper Corporate Services, Inc., and (7) fraud.

4. With this filing, UNFIC now removes this action to the United States District Court for Southern District of Mississippi, Western Division.

## PROCEDURAL REQUIREMENTS

5. No prior application has been made for the relief requested herein.

6. The United States District Court for the Southern District of Mississippi, Western Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. §1441(a).

7. Contemporaneous with the filing of this Notice of Removal, UNFIC will file a copy of the same with the Clerk of the Circuit Court of Claiborne County, Mississippi, in accordance with 28 U.S.C. §1446(d). Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

8. All Defendants who have been properly served and joined in this action consent to and join in this removal, as required by 28 U.S.C §1446(b)(2)(A).

9. All prerequisites for removal, as set forth in 28 U.S.C. §1441, have been met.

10. Plaintiff served UNFIC on June 24, 2022, thus removal is timely.

## DIVERSITY JURISDICTION

11. As demonstrated below, this case is removable because: (1) there is complete diversity between the Plaintiff and the properly joined and served Defendants and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. As such, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a) and, thus, the removal of this matter is proper under 28 U.S.C. §§ 1441(a) and 1446.

**I.  Complete Diversity Exists Between the Properly Joined and Served Defendants.**

12. According to the Complaint, Plaintiff is a citizen of Claiborne County, Mississippi.

13. Defendant Kemper Corporate Services, Inc. is a corporation organized and existing under the laws of the State of Illinois and its principal place of business in Chicago, Illinois. Kemper is, therefore, a citizen of Illinois.

14. Defendant UNFIC is a corporation organized and existing under the laws of the State of Louisiana and its principal place of business in Baton Rouge, Louisiana. UNFIC is, therefore, a citizen of Louisiana.

15. Upon information and belief, Defendant Wilson is a resident of the State of Mississippi. As demonstrated below, however, Defendant Wilson is fraudulently joined as a defendant, and as such, she should not be considered for purposes of determining whether there is complete diversity, pursuant to 28 U.S.C. §1332.

16. Upon Information and belief, Defendant Angela Washington is a resident of the State of Mississippi. As demonstrated below, however, Defendant Washington is fraudulently joined as a defendant, and as such, she should not be considered for purposes of determining whether there is complete diversity, pursuant to 28 U.S.C. § 1332.

### A. *Defendants' Robin Wilson and Angela Washington are fraudulently joined parties to this lawsuit.*

17.     On the face of the Complaint, this lawsuit lacks complete diversity because the Plaintiff, Defendant Wilson, and Defendant Washington are all believed to be Mississippi residents. *See* Complaint, attached hereto as **Exhibit A**. A closer look at Plaintiff's claims, however, reveal that there are no recoverable claims against Defendants Wilson and Washington. Therefore, this Court should not consider those Defendants for purposes of removal.

18.     The "standard for judging claims for fraudulent joinder of non-diverse defendant to avoid removal is whether, after all disputed questions of fact and all ambiguities in controlling state law are resolved in favor of non-removing party, that party has any possibility of recovery against party whose joinder is questioned." *Griffin v. Dolgen Corp., Inc.*, 143 F. Supp. 2d 670, 671 (S.D. Miss. 2001) (*citing Carriere v. Sears, Roebuck and Co.*, 893 F. 2d 98, 100 (5th Cir. 1990) (citation omitted). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Curry v. State Farm Mut. Auto. Ins. Co.*, 599 F. Supp. 2d 734 (S.D. Miss. 2009). "The court looks to plaintiff's state court complaint to determine whether there is a reasonable possibility of recovery." *Id.* at 737. "In deciding a claim of fraudulent joinder, the court is not bound to the pleadings but may take other evidence into account. *Jamison v. Kerr-McGee Corp.*, 151 F. Supp. 2d 742, 746 (S.D. Miss. 2001); *Burden v. General Dynamics Corp.*, 60 F. 3d 213, 216-17 (5th Cir. 1995).

19.     Looking at Plaintiff's Complaint, it is evident that there is no possibility of recovery for the claims made against Defendants Wilson and Washington. The Complaint alleged: (1) negligence against Defendant Wilson and Defendant Washington and (2) fraud against Defendant Wilson only. None of these claims, however, are recoverable under Mississippi law.

> **i.    *There is no possibility of recovery for Plaintiff's negligence claims against Defendants Wilson and Washington.***

20.     There is no possibility that Plaintiff can recover for her negligence claims against Defendants Wilson and Washington.  Plaintiff alleges that both Defendants had duties of care to Plaintiff to "use a degree of due diligence and care which a reasonably prudent person would use in transacting business of that nature." Compl. ¶¶ 41 - 49.  Plaintiff further alleges that Defendants Robin and Wilson "induced Plaintiff into purchasing policies under the guise that coverage would be afforded to her continuously." *See* Compl. ¶¶ 43 – 48.   Plaintiff also asserts that these Defendants breached their fiduciary duty owed to Plaintiff. *See* Compl. ¶¶ 41 – 49.

21.     Neither Defendants Wilson nor Washington owed Plaintiff a fiduciary duty under Mississippi law. *Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991) (*holding* "relationship between agent and insured is a purely contractual one – agent does not owe the insured a fiduciary duty nor a duty to act in good faith."); *Hicks v. North American Co. for Life and Health Ins.*, 47 So. 3d 181, 191 (Miss. Ct. App. 2010) ("It is well established under Mississippi law that no fiduciary duty exists "between an insurer and an insured, or between the agent of the insurer and insured, in the context of the first-party [insurance] contracts."); *see also Walden v. Am. Gen. Life*, 244 F. Supp. 2d 689, 693 (S.D. Miss. 2003); *see also Estate of Jackson v. Miss. Life Ins. Co.*, 755 So. 2d 15, 24 (¶ 36) (Miss. Ct. App. 1999).

22.     Moreover, in Mississippi, "where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a **breach of duty** or contract committed by the principal." *McFarland v. Utica Fire Ins. Co.*, 814 F. Supp. 518, 521 (S.D. Miss. 1992) (emphasis added); *See Gallaher Bassett Service, Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004) ("An adjuster, **agent**, or other similar entity may not be held independently liable for simple negligence he or she must commit a tort separate and independent of any alleged

breach of contract by the insurer and said tort must rise to the level of gross negligence, malice or a reckless disregard for the rights of the insured); *see also Curry v. State Farm Mut. Auto. Ins. Co.*, 599 F. Supp. 2d 734, 738 (S.D. Miss. 2009) ("insured had no reasonable possibility of establishing a claim against agent for negligence in the procurement of insurance policy, and thus agent was fraudulently joined to defeat federal subject matter jurisdiction…").

Here, the available evidence refutes Plaintiff's negligence claims against Defendants Wilson and Washington. Defendant Wilson was the agent that handled Plaintiff's application for the Policy. Defendant Washington was Defendant Wilson's supervisor but had no direct contact with the Plaintiff. "In August of 2018, Plaintiff represented to Defendant Wilson that Plaintiff was staying in her travel trailer temporarily and that she planned to move into the Subject Property in September 2018." *See* Affidavit of Robin Wilson, attached hereto as **Exhibit B.** Defendant Wilson issued the Policy based on Plaintiff's representation that she would move into the Subject Property in September 2018. *Id*. at ¶ 3 – 4. Plaintiff, however, never moved to the Subject Property and never had any intent on doing so. *See* Affidavit of O'Neal J. Weber, III., attached hereto as **Exhibit C.** In fact, Defendant Wilson did not learn until after the April 1, 2019 fire that Plaintiff's sister lived in the Subject Property, not Plaintiff. *See* Exhibit A, at ¶¶ 8 – 9. Even the Fire Report, created by the investigating firemen, indicated that that Plaintiff's sister, Ms. Entrick Wilson, was the tenant of the House located on the property. *See* Fire Report, attached hereto as **Exhibit D.** Defendant Wilson never made any representation to Plaintiff that Plaintiff's personal property would be covered under the Policy, even though Plaintiff did not live in the Subject Property. *See* Exhibit C, at ¶ 10. On August 12, 2019, UNFIC's Special Investigation Unit interviewed Plaintiff. *See* Affidavit of O'Neal J. Weber, III at ¶ 6. Plaintiff represented to investigator O'Neal, in a

recorded statement, that she never had any intent on moving into the Subject Property. *See* Exhibit D, at ¶¶ 8 - 9.

23. As such, Plaintiff cannot recover for negligence as a matter of law because: (1) the evidence refutes Plaintiff's claims that Defendant Wilson and Defendant Washington acted negligently, (2) the evidence proves that these defendants did not induce the Plaintiff into the contract, and (3) no fiduciary duty existed between the Plaintiff and these Defendants.

      *ii.*      ***There is no possibility of recovery for Plaintiff's fraud claim against Defendant Wilson.***

24. There is no possibility of recovery for Plaintiff's fraud claim. Plaintiff contends that Defendant Wilson "was made aware at the time of the application for insurance coverage that Plaintiff may be living in the adjoining trailer within the property located at 2170 A Tillman Chapel Road, Pattison, Mississippi 39144" and that Defendant Wilson "knowingly made false statements of material fact regarding the Plaintiff's personal property in the house located at 2170A Tillman Chapel Road, Pattison Mississippi 39144, would still be covered under an insurance agreement." Compl. at ¶¶ 60 - 61. Plaintiff further alleges that she "relied on Defendant Wilson's statements that her personal property would be covered under the policy due to Robin's superior knowledge as an agent, employee, and/or servant of Defendant UNFIC, and who should have known or is reasonably expected to know the policies required to permit insurance coverage with Defendants Kemper and UNFIC." Compl. at ¶ 67.

25. The elements of fraud include: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon, and (9) his consequent and proximate injury. *Hutton v. American General Life & Acc. Ins. Co.*, 909 So. 2d 87 (2005).

7

26. Here, Plaintiff had no right to rely on Defendant Wilson's alleged false statements. A party has a duty to read an insurance contract and knowledge of the contract's terms will be imputed to the party even if she does not read it. *Am. Gen. Financial Servs., Inc. v. Griffin*, 327 F. Supp. 2d 678, 684 (N.D. Miss. 2004). In the face of the contract, a party's reliance upon contrary representations by the agent is unreasonable. *See Barhonovich v. Am. Nat. Ins. Co.*, 947 F. 2d 775, 778 (5th Cir. 1991). Regarding personal property coverage, the Policy states: "[W]e cover personal property usual to the occupancy of a dwelling that is owned or used by [plaintiff] or any cover person while it is on the ***described location***. *See* The Policy, attached hereto as **Exhibit E**. "Described location" is defined in the Policy as "the dwelling, other structures, and grounds, or that part of a building ***where you live*** that is located at the address shown on the declarations Page." *Id*. Plaintiff had a duty to familiarize herself with the terms of the Subject Policy. *See Hutton v. American General Life & Acc. Ins. Co.*, 909 So. 2d 87, 97 (Miss. Ct. App. 2005); *see also Barhonovich*, 947 F. 2d at 778. Plaintiff's failure to familiarize herself with the terms of the Subject Policy makes her reliance on any alleged contrary statements by an agent unreasonable as a matter of law. Stated differently, even if Defendant Wilson made a misrepresentation to the Plaintiff, she was still bound by the language of the contract.

27. Akin to Plaintiff's negligence claims against these two Defendants, Plaintiff's fraud claim is also legally and factually barred. Therefore, there are no recoverable claims against Defendants Wilson and Washington and this Court should find that they are fraudulently joined parties.

**II.   The Amount in Controversy Exceeds Minimum $75,000.00 Threshold.**

28. Plaintiff's claims for damages exceed the $75,000.00 minimum threshold required under 28 U.S.C. §1332. Although the Complaint does not demand a specific amount of damages, it is facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold,

exclusive of interest and costs. To satisfy the amount-in-controversy requirement, a defendant must demonstrate that the value of the plaintiff's claims "more likely than not" exceeds $75,000.00. *See Jackson v. Balboa Ins. Co.*, 590 F. Supp. 2d 825, 827 (S.D. Miss. 2008). The removing defendant may meet this burden by demonstrating that it is facially apparent that the plaintiff alleges a controversy of greater than the $75,000.00 jurisdictional threshold. *Felton v. Greyhound Lines, Inc.*, 324 F. 3d 771, 774 (5th Cir. 2003) ("To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000.00 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met.").

29. In this action, Plaintiff seeks an unspecified amount of damages against Defendants jointly and severally in the Complaint. Plaintiff's failure to plead a specific amount of damages in the Complaint does not prevent the removal of this action. Even where a plaintiff attempts to avoid federal diversity jurisdiction by alleging an amount in controversy of less than $75,000.00, as the Court noted in *Watson v. ITT Sheraton*, 61 F. Supp. 2d 529 (N.D. Miss. 1997), a plaintiff may avoid only diversity jurisdiction by pleading that it "is 'bound irrevocably' by [the] state pleading." *Watson*, 61 F. Supp. 2d at 532. Damages alleged in a pleading do not limit the amount in controversy, as "Mississippi law…does not prohibit [a plaintiff's] amendment of the ad damnum clause." *Id.*

30. Here, the policy limit for the Policy is $20,000.00. The Plaintiff, however, also demands common law and extra-contractual damages, including emotional distress damages and punitive damages. *See* Compl. ¶¶ 76 -79, *ad damnum*. When the actual amount of benefits is combined with Plaintiff's claim for other actual damages and punitive damages, the amount in controversy

exceeds the jurisdictional threshold of $75,000.00. *See Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (noting that the federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction); *see also Allstate Ins. Co. v. Hilburn*, 692 F. Supp. 698 (S.D. Miss. 1988). With respect to Plaintiff's claim for additional damages based on emotional distress (Complaint ¶ 78), "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.00." *Holmes v. Citifinancial Mortg. Co., Inc.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006). Cumulatively, it is facially apparent that the value of the Plaintiff's claims, as pleaded, exceed $75,000.00 when factoring in her claims for emotional distress damages, attorneys' fees, and punitive damages. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

31. To the extent remand is sought by Plaintiff, UNFIC requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

**WHEREFORE, PREMISES CONSIDERED,** UNFIC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Claiborne County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division.

This the 25th day of July, 2022.

    Respectfully submitted,

    KEMPER CORPORATE SERVICES, INC.,
    UNION NATIONAL FIRE INSURANCE COMPANY,
    ROBIN WILSON, ANGELA WASHINGTON

    BY:  */s/Sammy L. Brown, Jr.* (MSB#106046)
        Charles E. Griffin (MSB # 5015)

                                 Sammy L. Brown, Jr. (MSB # 106046)

                                 THEIR ATTORNEYS

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
Post Office Box 6010
Ridgeland, MS 39158
Telephone: (601) 985-4532
Facsimile: (601) 985-4500
charles.griffin@butlersnow.com
Sammy.brown@butlersnow.com

## **CERTIFICATE OF SERVICE**

    I, Sammy L. Brown, Jr., hereby certify that a copy of the foregoing document has been filed using the Court's CM/ECF System which sent notification to all parties of record.

    THIS, the 25th day of July, 2022.

                                                      */s/Sammy L. Brown, Jr.*
                                                      Sammy L. Brown, Jr.