IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

MARIA WILSON                                                      PLAINTIFF

VS.                                         CIVIL No. 5:22-cv-62-DCB-LGI

KEMPER CORPORATE SERVICES, INC.,

UNION NATIONAL FIRE INSURANCE COMPANY,

ROBIN WILSON, ANGELA WASHINGTON,

JOHN DOE ENTITIES 1-5 AND JOHN DOES PERSONS 1-5      DEFENDANTS

ORDER

THIS MATTER is before the Court on Plaintiff Maria Wilson's ("Plaintiff") Motion to Certify Order for Interlocutory Appeal ("Motion"). [ECF No. 29]. The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural & Factual Background

This matter arose out of a dispute regarding an insurance claim filed by Plaintiff. [ECF No. 28] at 2. Plaintiff sued Kemper Corporate Services, Inc., Union National Fire Insurance Company, Robin Wilson, and Angela Washington (collectively, "Defendants") in Mississippi state court on claims of breach of contract, tortious breach of contract, breach of duty of good

faith and fair dealing, negligence, gross negligence, fraud, and bad faith. [ECF No. 1-1] at 7-18.

In the course of litigation, Defendants removed the case to this Court, filed a Motion to Compel Arbitration and to Stay Proceedings and Discovery, and filed a Motion to Set Aside Entry of Default against Defendant Robin Wilson. [ECF No. 1]; [ECF No. 3]; [ECF No. 7]. Plaintiff then filed a Motion to Remand. [ECF No. 16]. The Court granted in part and denied in part as moot Defendants' Motion to Compel Arbitration, granted Defendant Wilson's Motion to Set Aside Entry of Default, and denied Plaintiff's Motion to Remand. [ECF No. 28]. Plaintiff then filed the present Motion. [ECF No. 29].

II.  Standard

Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b), which creates a "narrow exception" to the final judgment rule. In re Rolls Royce Corp., 775 F.3d 671, 676 (5th Cir. 2014). Therefore, an interlocutory appeal "is available only in limited circumstances." In re Lloyd's Register N. Am., Inc., 780 F.3d 283, 288 (5th Cir. 2015).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

>     advance the ultimate termination of the
>     litigation, he shall so state in writing in
>     such order.

28 U.S.C. § 1292(b).

III. Discussion

Plaintiff requests certification of the Court's October 13, 2022, Order [ECF No. 28] and that the Court stay arbitration pending appellate resolution. [ECF No. 30] at 1-2. In so doing, Plaintiff questions whether the Court has rightful jurisdiction over this matter. Id. at 1. This question is a controlling question of law. Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc., 34 F.4th 431, 435 (5th Cir. 2022). Likewise, its disposition via immediate appeal may advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

The Court's inquiry is now whether "there is substantial ground for difference of opinion" regarding the Court's jurisdiction over the matter. Id. This issue hinges on whether Plaintiff fraudulently joined Defendants Wilson and Washington, which would permit diversity jurisdiction. As the Court will now discuss, there are no substantial grounds for differences of opinions as to this question.

Plaintiff's claims against these two defendants include negligence against both and fraud against Defendant Wilson. [ECF No. 1-1] at 10-16. The Court cited binding Fifth Circuit

3

precedent and Southern District precedent to hold that "Plaintiff cannot base a fraud claim upon alleged misrepresentations that contradict the plain language of the insurance policy." Rhodes v. State Farm Fire & Cas. Co., No. CIV.108CV674-HSO-RHW, 2009 WL 563876, at *6 (S.D. Miss. Mar. 4, 2009) (citing Leonard v. Nationwide Mutual Ins. Co., 499 F.3d 419, 439-40 (5th Cir. 2007)).

The Court further relied on well-established Mississippi precedent that establishes that agents are not liable for ordinary negligence in performing their duties on behalf of the insurers. Gallagher Bassett Services, Inc. v. Jeffcoat, 887 S. 2d 77, 785 (Miss. 2004); see also Bass v. California Life Ins. Co., 581 So. 2d 1087, 1090 (Miss. 1991); See also Dunn v. State Farm fire & Casualty Co., 711 F. Supp. 1359 (N.D. Miss. 1987).

There is no "substantial doubt" that the district court's order was correct. Murray v. Gen. Motors, LLC, No. 3:10-CV-188 HTW-LRA, 2011 WL3684517, at *5 (S.D. Miss. Aug. 22, 2011). Mississippi state and federal law are clear on these issues, so there are no substantial grounds for differences of opinions.

Although Plaintiff avers such, she has not alleged sufficient facts that create ambiguities as to the proper application of the above-cited law. [ECF No. 35] at 4-5. The record, when considered in tandem with applicable law, does not

4

permit such causes of action against Defendants Wilson and Washington, so the Court properly determined that Plaintiff fraudulently joined them both to this action. [ECF No. 28].

IV.   Conclusion

Plaintiff's request for certification of the Court's Order for interlocutory appeal is denied, because there is no substantial ground for difference of opinion as to whether the Court erred in holding that Plaintiff fraudulently joined Defendants Wilson and Washington. Plaintiff's request for an order staying arbitration pending interlocutory appeal is also denied as moot on this same basis.

For the foregoing reasons, Plaintiff's Motion [ECF No. 29] shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion to Certify Order for Interlocutory Appeal [ECF No. 29] is DENIED.

SO ORDERED, this 18th day of November, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE