IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARIA WILSON                                                    PLAINTIFF

VS.                                       CAUSE NO. 5:22-cv-62-DCB-LGI

KEMPER CORPORATE SERVICES, INC.,
UNION NATIONAL FIRE INSURANCE COMPANY,
ROBIN WILSON, ANGELA WASHINGTON,
JOHN DOE ENTITIES 1-5 AND JOHN DOES PERSONS 1-5      DEFENDANTS

ORDER

BEFORE THE COURT is Plaintiff Maria Wilson's ("Plaintiff") Motion for Reconsideration ("Motion") [ECF No. 37] and Plaintiff's Motion to Stay Arbitration Proceedings ("Motion to Stay") [ECF No. 44]. The Court, having examined the Motions, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural & Factual Background

On April 1, 2019, a fire destroyed Plaintiff's personal property at 2170A Tillman Chapel Road in Pattison, Mississippi, which she insured with a policy from Defendant Union National Fire Insurance Company ("UNFIC"). [ECF No. 28] at 2. Upon investigation, UNFIC discovered that Plaintiff did not live at the insured address, as required for coverage by the insurance

1

agreement. Id. at 2-3. Therefore, UNFIC denied Plaintiff's claim. Id. at 3.

On April 4, 2022, Plaintiff sued Kemper Corporate Services, Inc., UNFIC, Robin Wilson, Angela Washington, and assorted John Does ("Defendants") in the Claiborne County Circuit Court. Id. Defendant UNFIC then removed the case to this Court on July 25, 2022, and filed a Motion to Compel Arbitration on July 27, 2022. Id. at 4. On October 13, 2022, the Court compelled arbitration. Id.

On January 6, 2023, Plaintiff filed the instant Motion, in which she requests the Court reconsider its Order pursuant to Fed. R. Civ. P. 60(b)(6). [ECF No. 37]. Further, on January 31, 2023, Plaintiff filed her Motion to Stay, which requests that the Court stay arbitration proceedings pending resolution of her Motion for Reconsideration. [ECF No. 44].

II.  Standard

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding ... for any other reason that justifies relief." Subsection (b)(6) is mutually exclusive with Rule 60's other clauses and extends relief only in extraordinary circumstances. Nat'l City Golf Fin. v. Scott, No. 17-60283, 2018 WL 3767318, at

\*6 (5th Cir. Aug. 9, 2018) (citations omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." Buck v. Davis, 137 S. Ct. 759, 778 (2017). "Extraordinary circumstances" typically involve "compelling or aggravated circumstances involving extreme hardship and injustice." McDonald v. Oliver, 642 F.2d 169, 172 (5th Cir. 1981) (citation omitted).

This catch-all provision reserves a court's equitable power to grant relief when not otherwise warranted by the preceding clauses of Rule 60(b). Hesling v. CSX Transp., Inc., 396 F.3d 632, 642 (5th Cir. 2005). To succeed under Rule 60(b)(6), a movant must demonstrate a "grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 46-47 (1998). Accordingly, relief under Rule 60(b)(6) is considered an extraordinary remedy generally reserved for the most exceptional cases.

The Court's discretion to grant or deny a Rule 60(b)(6) motion is "especially broad." Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992). "[D]enial of a 60(b)(6) motion is reviewed only for abuse of discretion." Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Therefore, "[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to

constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981)).

III. Analysis

Plaintiff's Motion requests that the Court reverse its decision to compel arbitration based on a provision of the arbitration agreement. The provision reads in relevant part that

> All written demands for arbitration by a claimant or the company must be sent no later than three years from the date of loss. Failure to timely initiate arbitration shall constitute waiver of the dispute or controversy.

[ECF No. 37-1] at 2.

Plaintiff claims that Defendants' failure to initiate an arbitration action within three years "waived their right to arbitrate." [ECF No. 38] at 1. However, "[t]here is a strong presumption against waiver of arbitration." Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999).

When interpreting arbitration provision, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 475-76 (1989).

4

The above provision is an arbitration limitations provision, akin to a statute of limitations. Its second sentence clearly provides that a failure to demand arbitration within the contractual period waives the claim, just as a failure to file a claim in a court would result in the running of the statute and the barring of the claim. [ECF No. 37-1] at 2.

Plaintiff appears to argue that the arbitration agreement, which specifically waives the right to a trial by jury and requires disputes be resolved by binding arbitration, somehow permits the Court to adjudicate her claim merely because the time in which she was required to submit her claim to arbitration had elapsed by the time Defendants filed their motion to compel. [ECF No. 38] at 2-4. In interpreting the limitations provision "with due regard…favoring arbitration," the Court finds Plaintiff's position untenable. Volt Info. Scis., Inc., 489 U.S. at 475-76.

The arbitration limitations provision does not override the earlier provision that expressly waived adjudication of this dispute in this Court. [ECF No. 37-1] at 1-2. It merely limits when a claim can be initially filed. Id. Plaintiff cannot relieve herself of her agreement to arbitrate simply by waiting three years and then filing suit. Defendants did not initiate this claim and only had a reason to compel arbitration after

5

Plaintiff violated the arbitration provision by filing in state court. Defendant filed its motion only two days after removal to this Court. [ECF No. 3]. As such, the Court will not apply the limitations provision against Defendant's invoking the arbitration agreement, which it invoked immediately after removal.

This Court remains an improper forum to resolve this dispute, because the parties at the outset of their contractual relationship agreed to submit disputes to arbitration. [ECF No. 37-1] at 1. Therefore, no "grave miscarriage of justice" will occur by denying Plaintiff's Motion. Beggerly, 524 U.S. at 46-47. As such, Plaintiff has failed to demonstrate "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). Davis, 137 S. Ct. at 778.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion [ECF No. 37] shall be DENIED. Having denied such, Plaintiff's Motion to Stay [ECF No. 44] shall be DENIED AS MOOT.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 37] is DENIED and Plaintiff's Motion to Stay Arbitration Proceedings [ECF No. 44] is DENIED AS MOOT.

SO ORDERED, this 14th day of February, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE