IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

MARIA WILSON                                                                 PLAINTIFF

VS.                                           CAUSE NO. 5:22-cv-62-DCB-LGI

KEMPER CORPORATE SERVICES, INC.,
UNION NATIONAL FIRE INSURANCE COMPANY,
ROBIN WILSON, ANGELA WASHINGTON,
JOHN DOE ENTITIES 1-5 AND JOHN DOES PERSONS 1-5         DEFENDANTS

ORDER

BEFORE THE COURT is Plaintiff Maria Wilson's ("Plaintiff") Motion to Strike ("Plaintiff's Motion") [ECF No. 52] and Defendants Kemper Corporate Services, Inc. and Union National Fire Insurance Company's ("Defendants") Motion for Leave to File Out of Time Response to Plaintiff's Motion to Strike ("Defendants' Motion") [ECF No. 53]. The Court, having examined the Motions, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural & Factual Background

On April 1, 2019, a fire destroyed Plaintiff's personal property at 2170A Tillman Chapel Road in Pattison, Mississippi, which she insured with a policy from Defendant Union National Fire Insurance Company ("UNFIC"). [ECF No. 28] at 2. Upon

1

investigation, UNFIC discovered that Plaintiff did not live at the insured address, as required for coverage by the insurance agreement. Id. at 2-3. Therefore, UNFIC denied Plaintiff's claim. Id. at 3.

On April 4, 2022, Plaintiff sued Kemper Corporate Services, Inc., UNFIC, Robin Wilson, Angela Washington, and assorted John Does ("Defendants") in the Claiborne County Circuit Court. Id. Defendant UNFIC then removed the case to this Court on July 25, 2022, and filed a Motion to Compel Arbitration on July 27, 2022. Id. at 4. On October 13, 2022, the Court compelled arbitration and stayed district court proceedings pending the conclusion of arbitration. Id. Since that time, Plaintiff has sought to prevent arbitration by filing a Motion for Certificate of Appealability, a Motion for Reconsideration, and a Motion to Stay Proceedings (Arbitration). [ECF No. 29]; [ECF No. 37]; [ECF No. 44]. The Court denied each motion. [ECF No. 26]; [ECF No. 45].

Following these denials, Plaintiff filed a Notice of Appeal and a Motion to Stay Arbitration Proceedings Pending Appeal on February 28, 2023. [ECF No. 46]; [ECF No. 47]. On April 5, 2023, Defendants filed their response to Plaintiff's Motion to Stay Arbitration Proceedings Pending Appeal. [ECF No. 50]. Because this filing fell outside the time requirements for responsive

memorandum briefs, Plaintiff filed a Motion to Strike on April 19, 2023. [ECF No. 52]. In lieu of a responsive brief to Plaintiff's Motion, Defendants filed their Motion for Leave to File Out of Time Response to Plaintiff's Motion to Stay [ECF No. 53], which the Court perceives to request retroactive permission for Defendants' response at [50].

Having received sufficient briefing as to both Plaintiff's Motion and Defendants' Motion, the Court is prepared to rule on these two motions so that it can in an orderly time address Plaintiff's Motion to Stay Arbitration Proceedings Pending Appeal [ECF No. 47] once it is fully briefed.

II.  Law & Analysis

Plaintiff argues that because Defendants filed their response late and without leave that the Court should strike Defendants' response and grant Plaintiff's Motion to Stay Arbitration Proceedings Pending Appeal as unopposed. [ECF No. 52] at 1-2. Defendants argue that they should be given retroactive permission to file their response because at the time Plaintiff filed her Motion to Stay Arbitration Pending Appeal, the Court had already stayed judicial prosecution of this action and the Plaintiff had already filed a Notice of Appeal. [ECF No. 53] at 1-2.

The Court rejects the idea that a party's motion should be granted merely because it is unopposed. The Court conducts an independent judicial analysis of each motion presented in every case. The Court is especially reluctant to grant a party's motion as unopposed when an opposing party has emphatically, albeit belatedly, signaled its opposition. The Court has broad discretion in controlling its own docket. <u>Edwards v. Cass Cnty. Tex</u>, 919 F.2d 273 275-76 (5th Cir. 1990). Further, "[u]nder Federal Rule of Civil Procedure 6(b), the district court is granted broad discretion to expand filing deadlines." <u>Hetzel v. Bethlehem Steel Corp.</u>, 50 F.3d 360, 367 (5th Cir. 1995).

Requests for extensions filed after the time for a response has expired may be granted upon a finding of excusable neglect. <u>See</u> FED. R. CIV. P. 6(b)(1)(B). The Court notes that "excusable neglect" is an "elastic concept," which does not limit itself to "omissions caused by circumstances beyond the control of the movant," and can therefore include instances of "inadvertence, ignorance of the rules, or mistakes." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.</u>, 507 U.S. 380, 392 (1993). "Rule 6(b)(1)(B)'s requirements are quite flexible, and [a] district judge enjoys broad discretion to grant or deny an extension" <u>Mattress Giant Corp. v. Motor Advert. & Design Inc.</u>, at *2 (N.D. Tex. 2008) (citing 4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1165, at 532–29 (3d ed. 2002)).

4

A court must take into account "all relevant circumstances surrounding the part[y's] omission," such as: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395. In this case, Plaintiff will suffer no prejudice from the Court accepting a belated filing by the Defendants; the delay was a mere matter of weeks while the parties await an appellate decision; justifiable confusion exists regarding jurisdiction because this case is operating on three parallel tracks (arbitration, the district court, and the appellate court); and there is no evidence of bad faith by the Defendants. The Court recognizes that the duplicative nature of these proceedings excuses any neglect entailed by Defendants' belated filing and warrant a Rule 6(b) extension.

Motions to strike are considered drastic and reserved only for redundant, immaterial, impertinent, or scandalous matters. See Fed. R. Civ. Pro 12(f). The Fifth Circuit has stated that motions to strike are generally disfavored. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1058 (5th Cir. 1982). Such motions are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by

a movant simply as a dilatory tactic. See Bailey Lumber & Supply Co. v. Georgia-Pac. Corp., at *5 (S.D. Miss. 2010) (citing FDIC v. Niblo, 821 F.Supp. 441 (N.D.Tex.1993)). Having determined that circumstances favor accepting Defendants' belated filing, the unfavored remedy of striking such a filing is inapposite and will be denied.

As such, the Court will deny the Plaintiff's Motion [ECF No. 52] and rely on its discretion to grant the Defendants' Motion [ECF No. 53] with retroactive effect.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion [ECF No. 52] shall be DENIED and Defendants' Motion [ECF No. 53] shall be GRANTED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike [ECF No. 52] is DENIED and Defendants' Motion for Leave to File Out of Time Response to Plaintiff's Motion to Stay [ECF No. 53] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may file a reply, if Plaintiff so desires, to Defendants' response to Plaintiff's Motion to Stay Arbitration Proceedings Pending Appeal [ECF No. 47] within seven days of the entry of this Order.

SO ORDERED, this 11th day of May, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE